IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CONSOLIDATION COAL COMPANY,

    Plaintiff,

v.                                                                   Civil Action No. 1:04CV238
                                                                                        (STAMP)

DISTRICT 31, UNITED MINE WORKERS
OF AMERICA and LOCAL 1501,
UNITED MINE WORKERS OF AMERICA,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

I. <u>Procedural History</u>

Plaintiff, Consolidation Coal Company ("Consol"), filed the above-styled civil action on November 4, 2004, contending that an arbitration award in favor of Consol employee, Dennis Lambert ("Lambert"), imposed conditions unsupported by the National Bituminous Coal Wage Agreement of 2002 ("NBCWA"), the collective bargaining agreement between the parties that was controlling at the time of the arbitration. The plaintiff argues that the arbitration award should be vacated pursuant to 29 U.S.C. § 185 because it does not draw its essence from the NBCWA.[1]

On November 24, 2004, defendants, District 31, United Mine Workers of America, and Local 1501, United Mine Workers of America, (collectively, "Union"), filed an answer and a counterclaim seeking

---

[1] Consol also requests attorneys' fees and costs, and any other such relief as this Court deems proper.

a declaratory judgment that the arbitration award be final and binding.[2]

The parties agreed in their initial planning meeting that this action could be resolved through cross-motions for summary judgment without discovery or a trial. On March 30, 2004, parties filed their cross-motions for summary judgment. On April 20, 2005, the parties filed their responses, and subsequent replies were filed.

Having reviewed the cross-motions for summary judgment, and the response and replies thereto, this Court finds that the arbitrator's award was authorized and proper. Accordingly, this Court finds that the Union's motion for summary judgment must be granted and Consol's motion for summary judgment must be denied for reasons stated below.

## II. Facts

This action arises out of an arbitration between the Union and Consol regarding Lambert, a Union member, who was employed at Consol's Robinson Run Mine located in Harrison and Marion Counties, West Virginia. Compl. ¶ 7. Lambert was covered by the NBCWA, which provides for arbitration for employees terminated by Consol for "just cause." Compl. ¶¶ 7-8; Pl.'s Mot. Summ. J., Ex. B at 279.

---

[2] The Union also requests costs for seeking such declaration and other relief this Court deems just and proper.

On June 23, 2004, Consol advised Lambert that he was suspended with intent to discharge because he had reported to work under the influence of drugs. Compl. ¶ 9. Specifically, Lambert had become addicted to prescription pain medication initially prescribed by a physician for pain from an eye injury. Op. and Award at 26. Lambert subsequently filed a grievance requesting reinstatement and that he be made whole for all wages and benefits lost during the termination period. Lambert's grievance was denied and the dispute was sent to arbitration pursuant to Article XXIV of the NBCWA.

The issue before the arbitrator was framed as follows: (1) whether Consol had "just cause" to terminate Lambert and (2) if not, what should the appropriate remedy be? Following a hearing, the arbitrator entered a written "Opinion and Award" on August 6, 2004, finding that Consol did not have "just cause" and granting Lambert's request for reinstatement. In fashioning an appropriate remedy, the arbitrator directed Lambert to enroll in Consol's substance abuse and rehabilitation program at Consol's expense.[3] Finally, the arbitrator denied Lambert's request for lost wages and benefits.

---

[3] Consol alleges that its substance abuse program is available to its employees, but eligibility is subject to Consol's sole discretion. Consol indicates that Lambert was not eligible, but does not explain other than to speculate that his ineligibility could have resulted from a previous enrollment.

III. <u>Applicable Law</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

Nevertheless, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; <u>see</u>

also <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## IV. <u>Discussion</u>

A. <u>Waiver of Judicial Review</u>

As a preliminary matter, this Court addresses the Union's affirmative defense that this Court lacks jurisdiction to vacate the arbitration award pursuant to Article XXIII, XXIV and XXVII of

5

the NBCWA. Specifically, the Union argues in its answer that the collective bargaining agreement refers to the arbitrator's decision as "final," and therefore, the decision is not reviewable.

Consol argues in its motion for summary judgment that this Court has jurisdiction to vacate pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. This Court agrees. The fact that a collective bargaining agreement refers to an arbitrator's decision as "final" does not strip this Court of its jurisdiction to review the award pursuant to the LMRA. See <u>Allied Mech. Contractors, Inc. v. Indus. Relations Council</u>, 685 F. Supp. 552, 561-562 (W.D.N.C. 1988).[4] Accordingly, this Court rejects the Union's affirmative defenses and proceeds to address the substantive issues of the parties' cross-motions for summary judgment.

B.  <u>Award Within Scope of Arbitrator's Authority</u>

Consol does not object to the arbitrator's decision to reinstate Lambert, and obviously does not object to the denial of lost wages. Instead, Consol limits its objection to the arbitrator's directive that Lambert be enrolled in Consol's drug treatment program at Consol's expense. Consol argues that the arbitrator exceeded the scope of his authority by mandating a remedy that was not a part of the NBCWA, was not collectively

---

[4] It should be noted that the Union does not advance its jurisdictional defense in its motion for summary judgment or in any other responses or replies to such motions.

6

bargained for, and which was not suggested by either party during the arbitration.  This Court disagrees.

It is well established that an arbitrator's award "must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987). In other words, the award must be "rationally inferable" or "in some logical way" derived from the collective bargaining agreement. Brotherhood of R.R. Trainmen v. Central of Ga. Ry., 415 F.2d 403, 412 (5th Cir. 1969).  Thus, when a collective bargaining agreement gives a company a right to discharge an employee based upon some stated conduct, an arbitrator may not infringe on that company's right to discharge by modifying the discipline imposed. Eastern Associated Coal Corp. v. United Mine Workers of America, 66 F. Supp. 2d 796, 801 (S.D. W. Va. 1998).  Nevertheless, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Upshur Coals Corp. v. UMWA, Dist. 31, 933 F.2d 225, 229-30 (4th Cir. 1991).

As stated above, Consol does not object to the arbitrator's finding that Lambert's termination was not based on "just cause," and therefore, unwarranted.  Crucial to this determination was the finding that Consol had inconsistently applied its disciplinary

7

policy with regard to Lambert, as well as between Lambert and other employees found to be intoxicated or under the influence of drugs. The arbitrator considered testimony regarding several employees with alcohol problems and reviewed the remedy applied by Consol on each occasion.[5] The arbitrator noted that evidence showed that at least one employee, in particular, was placed in a rehabilitation center by Consol.  Op. and Award at 25.  Accordingly, the arbitrator had before him evidence that Consol treated certain instances of employee drug abuse through company-sponsored drug treatment.  Furthermore, the arbitrator's finding of no "just cause" was based, at least in part, on the fact that Lambert was not given access to such treatment. See Op. and Award at 22-23.

Once the arbitrator determined Consol did not have "just cause" to terminate, he was obligated, as well as encouraged by both parties, to fashion an "appropriate remedy." See Op. and Award at 17.  Again, the arbitrator considered the fact that other employees had access to employee-sponsored drug treatment, while Lambert was not granted such access in this particular instance. The arbitrator considered the nature of Lambert's drug problem and noted that the addiction had started through the use of legally

---

[5] Specifically, the arbitrator considered (1) Foreman Kevin Carter, who was "given a second chance" after a formal meeting with the Company; (2) Supervisor Gary Doshen who was approached by other employees and "offered help" for his problem; (3) Robert Newbrough, who was encouraged to "get some help" and eventually improved his condition; (4) Lou Stopper, whom Consol placed in the Chestnut Ridge Rehabilitation Center.  Op. and Award at 23-25.

prescribed pain medication. The arbitrator further sought a remedy that would ensure that Lambert, who would be reinstated at the Robinson Run Mine, would not return to the mine impaired by drugs or alcohol. Accordingly, the arbitrator's decision to require Lambert to enter Consol's drug treatment program is reasonable and within the scope of his duty to fashion "an appropriate remedy."

Furthermore, the collective bargaining agreement reserves to management the right to make "reasonable rules and regulations . . . for the protection of the persons of the Employees and the preservation of property shall be complied with." Defs.' Reply Consol Mot. Summ. J., Ex. 1, "Article III of NBCWA" at 45. This enabling provision arguably facilitated Consol's promulgation of rules and regulations regarding its drug treatment program for employees. Such a program is clearly useful in protecting Consol's employees and property. As stated in Eastern Associated Coal, "where the collective bargaining agreement reserves to management the right to make and enforce disciplinary rules, rules promulgated pursuant to the authority are thus incorporated into the collective bargaining agreement and have 'the force of contract language.'" Id., 66 F. Supp. 2d at 802 (citing General Drivers, Warehousemen & Helpers Local Union 968 v. Sysco Food Servs., Inc., 838 F.2d 794, 796 n.1, 799 n.4 (5th Cir. 1988)(internal quotations omitted)). The fact that the arbitrator did not review the particular rules and regulations concerning the program does not mean that the

9

arbitrator's remedy, which includes the application of such program, is beyond the scope of the collective bargaining agreement.

In summary, the NBCWA allowed for the existence of Consol's drug treatment program.  This provision, coupled with testimony regarding company precedent of giving other employees substance abuse counseling, places the arbitrator's opinion and award within the scope of the collective bargaining agreement.  As stated above, where an arbitrator is "even arguably construing or applying the contract," this Court must not overturn his decision.  Upshur Coals Corp., 933 F.2d at 229-30.  Accordingly, this Court finds the arbitrator's award of drug treatment to be an appropriate remedy justified by enabling language of the NBCWA, the testimonial evidence before the arbitrator, and prior company practices.

## V. Conclusion

For the reasons stated above, the plaintiff's motion for summary judgment is hereby DENIED and the defendants' motion for summary judgment is hereby GRANTED.  Accordingly, Consolidation Coal Company is ORDERED to abide by the arbitration opinion and award.  However, this Court declines to award attorney's fees and costs in this matter.[6]

IT IS SO ORDERED.

---

[6] See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)(award of attorney's fees left to court's equitable discretion).

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   May 27, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE